UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANKLIN TOLEDO, ARTURO CRUZ
VELASCO, and DAVID CRUZ,
*on behalf of themselves, FLSA Collective Plaintiffs,
and the Class*,

                                  Plaintiffs,

vs.

DANTE GROVE ST LLC
   d/b/a DANTE,
PERRY & HUDSON LLC
   d/b/a DANTE WEST VILLAGE,
LINDEN PRIDE, NATALIE HUDSON,
JAMES SYMOND, and CHRISTOPHER
CHEUNG,

                                  Defendants.

Civil Action No. 1:21-cv-00876-JGK

CLASS ACTION

JOINT RULE 26(f) REPORT
AND [PROPOSED]
DISCOVERY PLAN Order.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 5-11-21

---

Plaintiffs and Defendants, Dante Grove St LLC, Perry & Hudson LLC, Linden Pride, and Natalie Hudson, (collectively, the "Parties") respectfully submit this Joint Rule 26(f) Report and Discovery Plan ("Report") in accordance with Federal Rule of Civil Procedure ("Rule") 26(f), the Local Civil Rules of the United States District Court for the Southern District of New York ("Local Rule"), and the Individual Practices of Judge John G. Koeltl ("Individual Practice"). Unless explicitly stated, nothing in this Report may be construed to create, limit, or waive any rights, privileges, or defenses.

## I.   JOINT DISCOVERY PLAN

### A.   Schedule and Modifications to the Schedule

The Parties agree to proceed in accordance with the proposed schedule in Section II below. The schedule proposed in this Report is premised on discovery proceeding expeditiously and without

1

protracted disputes over production of documents and witnesses or other discovery issues. The Parties reserve the right to seek to modify the schedule in this Report.

### B.   Answers

Pursuant to the Court's April 19, 2021 Docket Entry, Defendants Dante Grove St. LLC, Perry & Hudson LLC, Linden Pride, and Natalie Hudson will file answers to the Complaint no later than May 6, 2021.

### C.   Initial Disclosures

The Parties agree to exchange initial disclosures in accordance with Rule 26(a)(1)(A) within 14 days of entry of the Scheduling Order by the Court.

### D.   Subjects of Discovery

Subject to Plaintiffs' right to supplement this list at a later date, the subjects on which Plaintiffs intend to seek discovery, may include: for at least one year prior to and following the February 1, 2015 through February 1, 2021 class period, details regarding Defendants' compensation and payroll policies and practices with respect to Plaintiffs and all non-exempt employees employed by Defendants ("Covered Employees"), details regarding Defendants' systems of recording and tracking compensation for Plaintiffs and Covered Employees, details regarding Defendants' systems of recording and tracking hours worked by Plaintiffs and Covered Employees, details regarding Defendants' systems of recording and tracking tips earned by Plaintiffs and other Covered Tipped Employees, details regarding Defendants' system and procedure for utilizing tip pool, details regarding Defendants' efforts to comply with state and federal employment laws, details regarding Defendants' corporate structure, including the corporate structure of Defendants' businesses and affiliated entities, identities of all corporate officers and equity owners of Defendants (including all shareholders, members, partners, directors or executive officers), details regarding loans, leases and credit lines established by Defendants in

respect of their businesses, details regarding vendor contracts or relationships with vendors generally by Defendants (including accountants, banks, payroll services providers, uniform providers, marketing consultants, printers, etc.), details regarding Plaintiffs' and Covered Employees' job duties and responsibilities, details regarding Wage Statements and Wage and Hour Notices provided to Plaintiffs and Covered Employees, details regarding tip credit notices provided to Plaintiffs and Covered Employees, details regarding Plaintiffs' and Covered Employees' employee file, details regarding work schedule of Plaintiffs and Covered Employees and their rates of pay, facts and circumstances regarding Plaintiffs' and Covered Employees' termination, and details regarding whether Defendants operate as a single integrated enterprise.

Subject to Defendants' right to supplement this list at a later date, the subjects on which Defendants intend to seek discovery may include: (i) the factual bases of Plaintiffs' allegations and claims; (ii) the sources of information referred to in the Complaint; (iii) Plaintiffs' communications with third parties (including other former employees not identified in the Complaint) regarding Defendants and/or the allegations and claims asserted in the Complaint; (iv) issues relating to the appropriateness of treating this case as a class action under Rule 23 of the Federal Rules of Civil Procedure and/or a collective action under 29 U.S.C. § 216(b); (v) Plaintiffs' and putative class members' alleged damages; and (vi) any affirmative defenses identified in Defendants' answers.

The Parties do not believe that discovery in this action should be conducted in phases or limited to or focused on particular issues. However, Defendants reserve their right to object to the scope of pre-certification discovery.

### E. Protective Order

The Parties will negotiate a Stipulated Protective Order that will govern the handling of confidential documents. To the extent any Parties produce documents before the entry of the Protective Order, the receiving Parties must handle the documents in accordance with "attorneys' eyes only" restrictions until entry of the Protective Order, after which the receiving Parties must handle the documents in accordance with the Protective Order and any confidentiality designations by the producing Parties.

### F. Written Discovery and Document Production

The Parties may initiate written discovery immediately.

The Parties agree that document productions will be made on a rolling basis. Document productions will be made, so far as practicable, in electronic, searchable format, subject to the right of the receiving Party to inspect the original hard copies.

#### 1. Interrogatories

Defendants' Position: Interrogatories should be governed by Local Civil Rule 33.3.

Plaintiffs' Position: Interrogatories are a straightforward and efficient method to obtain information, under oath, that is likely to yield, or lead to, admissible evidence. In fact, Local Civil Rule 33.3 itself provides that interrogatories are appropriate "if they are a more practical method of obtaining the information sought than a request for production or a deposition . . . ." Notably, "a party is under a duty to make a reasonable inquiry concerning the information sought in interrogatories," which ensures that answers to interrogatories are comprehensive, accurate and admissible at trial. *See Zanowic v. Reno*, No. 97 Civ. 5292 (JGK)(HBP), 2000 U.S. Dist. LEXIS 13845, at *7 n.1 (S.D.N.Y. Sept. 25, 2000). Because interrogatories in this case would facilitate the production of responsive information while reducing the costs associated with discovery, Plaintiff

proposes a limit of 25 interrogatories for each side.

### 2. Substantial Completion of Document Production

<u>Defendants' Position</u>: Defendants expect to document production to be substantially completed by December 31, 2021.

<u>Plaintiffs' Position</u>: Plaintiffs believe that discovery should be substantially completed by December 31, 2021, to leave Plaintiffs the necessary time to review the documents, prepare for, schedule and take depositions. While Defendants intend to produce documents on a rolling basis, in practice most of the documents will be produced toward the end, or possibly after, the Substantial Completion Date. Additionally, any discovery disputes will take time to resolve. The December 31, 2021 date balances Defendants' burden of document review and production with Plaintiffs' burden to review these documents, prepare for, schedule and take the depositions. It also considers the reality that witnesses' availability may be restricted considering that discovery closes during the holidays.

### G. Electronically Stored Information

The Parties have conferred, in accordance with Rule 26(f), regarding disclosure, discovery, and preservation of electronically stored information ("ESI"). The Parties have taken all reasonable and necessary steps to preserve evidence, including all ESI, relevant to the issues reasonably evident in this action, in compliance with their obligations under the Rules. The Parties will negotiate a protocol to govern the specifications for production of ESI as soon as practicable.

### H. Depositions

#### 1. Defendants' Position on Depositions

At this time, Defendants intend to take the depositions of the three named Plaintiffs. It is too early to determine the identity of all deponents and the number of depositions necessary for this case.

2.   **Plaintiff's Position on Depositions**

The Complaint identified at least 7 individuals who are likely to possess discoverable information. It is likely that many other individuals and entities, including current and former Dante employees – some of whom are known to Plaintiffs and some of whom are not – will also have relevant information. Thus, the 10-deposition limit imposed by Federal Rule 30 is unduly restrictive in this case. Accordingly, based on current information, Plaintiffs believe that up to 20 depositions are appropriate in this matter.

**I.   Expert Discovery**

The initial Rule 26(a)(2) disclosure of expert testimony and subsequent reports on the same subject matter by the other party will be due in accordance with the schedule in Section II. Along with the submission of the expert reports, the Parties will advise each other of the dates and times of the experts' availability for deposition.

Any objection to expert testimony under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Fed. R. Evid. 702, will be made by motion in accordance with the schedule in Section II.

**J.   Supplementation**

The Parties will supplement or correct any disclosures under Rule 26(a) and any responses to interrogatories, requests for production, or requests for admission, in each case in accordance with Rule 26(e)(1)(A).

**K.   Future Discovery Disputes and Discovery Motions**

If discovery disputes arise between the Parties, they will meet and confer in good faith to attempt to reach agreement. If the Parties are unable to reach agreement, they will follow the procedures for seeking resolution of discovery disputes under Local Rule 37.2 and Individual Practice 1.F.

## L.     Deadline to Join Parties or Amend Pleadings

The Parties agree that the last day to join additional parties or amend the Complaint will be August 31, 2021. Before making any motion to amend, the moving Party must seek a pre-motion conference in accordance with Rule 2.B of the Court's Individual Practices.

## II.    PROPOSED PRETRIAL SCHEDULE

The Parties propose the following pretrial schedule:

| EVENT | DATE OR DEADLINE |
|---|---|
| Exchange of Initial Disclosures Under Rule 26(a): | 14 days after entry of Scheduling Order |
| Answers by Defendants: | May 6, 2021 |
| Commencement of Fact Discovery: | Immediate |
| Substantial Completion of Document Production: | December 31, 2021 |
| Amend Pleadings or Join Parties: | August 31, 2021 |
| Motion for Class Certification: | November 1, 2021 |
| Opposition to Motion for Class Certification: | December 7, 2021 |
| Reply in Support of Motion for Class Certification: | December 22, 2021 |
| Privilege Logs Produced: | 30 days after the Date for Substantial Completion of Document Production |
| Fact Discovery Complete: | March 31, 2022 |
| Parties' Rule 26(a)(2) Expert Disclosures/Reports ("Expert Reports"): | TBD subject to class motion |
| Parties' Responses to Expert Reports: | TBD subject to class motion |
| Expert Discovery Complete: | TBD subject to class motion |
| ~~Preliminary Pretrial Conference:~~ | ~~May 10, 2021~~ |
| Joint Pretrial Order, Requests to Charge, Voir Dire Requests, Motions in Limine, Any Pretrial Memorandum, and Rule 26(a)(3) Disclosures: | No later than 30 days following a ruling on any dispositive motion |
| Trial Ready Date: | ~~To be set at the~~ Parties final pretrial conference ~~upon Court order~~ |

*[Handwritten notes:]* Ready Trial, 48 hours notice, 21 days after submission of Joint Pre-Trial Order. Dispositive Motions due April 22, 2022.

7

## III. TRIAL

The Parties currently estimate that a trial of class-wide issues would take two weeks, and will update the Court as discovery progresses.

### A.   Issues to Be Tried

At this time, the Parties do not believe that (1) it is appropriate to narrow the issues or (2) a mini-trial would be helpful.

### B.   Whether the Parties Will Consent to a Magistrate Judge

The Parties do not consent to a Magistrate Judge for trial.

### C.   Demand for Jury Trial

At this time, Plaintiffs have demanded a jury trial through the filing of Plaintiffs' Class and Collective Action Complaint.

## IV. MISCELLANEOUS

### A.   Electronic Service

The Parties will serve documents, including pleadings, discovery requests, and trial materials, on each other through e-mail or ECF, except to the extent that transmission of any documents electronically is impractical, in which event service will be made by mail, by hand or through overnight delivery. Service by e-mail will be considered the same as service by hand.

**SO ORDERED**

Date: 5/10/21            /s/ John G. Koeltl
                         U.S.D.J.

_____          _____
                                          **Hon. John G. Koeltl**
                                          **United Stated District Judge**

Case 1:21-cv-00876-JGK   Document 32   Filed 05/07/21   Page 9 of 10

| For the Defendants: | For the Plaintiffs: |
|---|---|
| By: *Robert Tucker* <br> Robert Tucker, Esq. <br> Ogletree Deakins <br> 599 Lexington Avenue, Suite 1700 <br> New York NY 10022 <br> Tel: (212) 492-2510 <br> robert.tucker@ogletree.com | By: <br> /s/ C.K. Lee <br> C.K. Lee, Esq. <br> Lee Litigation Group, PLLC <br> 148 West 24th Street, Eighth Floor <br> New York, New York 10011 <br> Telephone: (212) 465-1188 <br> Fax: (212) 465-1181 <br> cklee@leelitigation.com |
| Date: 5/7/21 | Date: 05/07/2021 |

10